Michael J. Wise, Bar No. 143501
MWise@perkinscoie.com
Joseph P. Hamilton, Bar No. 211544
JHamilton@perkinscoie.com
Lara J. Dueppen, Bar No. 259075
LDueppen@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Plaintiffs and Counter-Defendants
FONTEM VENTURES B.V. and
FONTEM HOLDINGS 1 B.V.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FONTEM VENTURES B.V., a Netherlands company; and FONTEM HOLDINGS 1 B.V., a Netherlands company,<br><br>Plaintiffs,<br><br>v.<br><br>NJOY, INC., a Delaware corporation, and DOES 1-5, Inclusive,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV14-1645 GW (MRWx) and related cases ("First Set")<br>Case No. CV14-1649 GW (MRWx)<br>Case No. CV14-1650 GW (MRWx)<br>Case No. CV14-1651 GW (MRWx)<br>Case No. CV14-1652 GW (MRWx)<br>Case No. CV14-1653 GW (MRWx)<br>Case No. CV14-1654 GW (MRWx)<br>Case No. CV14-1655 GW (MRWx)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST TO CONTINUE MARKMAN HEARING** |
| FONTEM VENTURES B.V., a Netherlands company; *etc. et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CB DISTRIBUTORS, INC., an Illinois corporation; DR DISTRIBUTORS, LLC, *etc. et al.*,<br><br>Defendants. | Case No. CV14-1649 GW (MRWx) |

| | |
|---|---|
| FONTEM VENTURES B.V., a Netherlands company; *etc. et al.*, <br><br>            Plaintiffs, <br><br>    v. <br><br> VAPOR CORP., a Delaware corporation, *etc.*, <br><br>            Defendant. | Case No. CV14-1650 GW (MRWx) |
| AND RELATED COUNTERCLAIMS | |
| FONTEM VENTURES B.V., a Netherlands company; *etc. et al.*, <br><br>            Plaintiffs, <br><br>    v. <br><br> FIN BRANDING GROUP, LLC, an Illinois limited liability company; VICTORY ELECTRONIC CIGARETTES CORPORATION, *etc. et al.*, <br><br>            Defendants. | Case No. CV14-1651 GW (MRWx) |
| AND RELATED COUNTERCLAIMS | |
| FONTEM VENTURES B.V., a Netherlands company; *etc. et al.*, <br><br>            Plaintiffs, <br><br>    v. <br><br> BALLANTYNE BRANDS, LLC, *etc.*, <br><br>            Defendant. | Case No. CV14-1652 GW (MRWx) |
| AND RELATED COUNTERCLAIMS | |

111971-0003.0001/LEGAL124506250.2          CV14-1645 GW(MRWx) (and related cases)

Fontem's Response to Request to Continue Markman Hearing

| | |
|---|---|
| FONTEM VENTURES B.V., a Netherlands company; *etc. et al.*, | Case No. CV14-1653 GW (MRWx) |
| Plaintiffs, | |
| v. | |
| SPARK INDUSTRIES, LLC, *etc.*, | |
| Defendant. | |

| | |
|---|---|
| FONTEM VENTURES B.V., a Netherlands company; *etc. et al.*, | Case No. CV14-1654 GW (MRWx) |
| Plaintiffs, | |
| v. | |
| LOGIC TECHNOLOGY DEVELOPMENT LLC, *etc.*, | |
| Defendant. | |

| | |
|---|---|
| FONTEM VENTURES B.V., a Netherlands company; *etc. et al.*, | Case No. CV14-1655 GW (MRWx) |
| Plaintiffs, | |
| v. | |
| VMR PRODUCTS, LLC, dba V2CIGS, *etc..*, | |
| Defendant. | |

AND RELATED COUNTERCLAIMS

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1

II. OVERVIEW OF THE CASES ............................................................................1

III. ARGUMENT ......................................................................................................2

    1. Consolidation would result in substantial duplication of effort, not less ...........................................................................................................3

        a. Consolidation would result in duplication of Markman briefing ...........................................................................................4

        b. Continuation of the current Technology Tutorial would result in substantial duplication of effort ...................................6

        c. Discovery can be applied to later cases, preventing substantial duplication of effort .......................................................6

    2. Redoing the Past Eight Months of Work in the First Wave of Cases Would Result in Substantial Prejudice to Plaintiffs ...................8

    3. Defendants Have Not Shown Good Cause to Continue the Schedule in the First Wave of Cases ......................................................10

    4. The Second and Third Waves of Cases Can be Consolidated............11

IV. CONCLUSION .................................................................................................11

## I. INTRODUCTION

This case is more than halfway to trial. Markman is fully briefed, fact discovery closes in less than three months, and trial begins in less than eight months. Yet, Defendants ask the Court to scrap all the work completed to date and start over so that this case can be consolidated with two later filed cases. Instead of promoting judicial efficiency, Defendants' proposal doubles the time to trial, and forces the parties to start over, wasting all the efforts to date.

Defendants caution that the Court would have to duplicate claim construction and the associated technology tutorial. Yet, Defendants do not identify a single claim term that would have to be reconstrued in the later cases or why the technology tutorial would need to be redone if the cases were not consolidated. Defendants also caution that parties would need to conduct duplicative discovery, but do not identify any discovery that must be redone.

As the moving party, Defendants have failed to meet their burden to establish that consolidation would confer judicial economy and convenience sufficient to outweigh the prejudice to Plaintiffs in delaying the current case. The Court should deny Defendants' request to consolidate.

## II. OVERVIEW OF THE CASES

Plaintiffs filed a first wave of cases related to electronic cigarette technology on March 5, 2014 ("the First Wave"). The initial complaints in the First Wave assert U.S. Patent Nos. 8,365,742 ("the '742 Patent"), 8,375,957, ("the '957 Patent"), 8,393,331 ("the '331 Patent"), and 8,490,628 ("the '628 Patent") against each of the Defendants.[1] A First Amended Complaint was filed on April 8, 2014 to assert U.S. Patent No. 8,689,805 ("the '805 Patent"), which issued on the same day.

---

[1] The First Wave includes Case Nos. CV14–1645 GW(MRWx); CV14–1649 GW(MRWx); CV14–1650 GW(MRWx); CV14–1651 GW(MRWx); CV14–1652 GW(MRWx); CV14–1653 GW(MRWx); CV14–1654 GW(MRWx); and CV14–1655 GW(MRWx).

1  At the case scheduling conference on June 23, 2014, the Court set a schedule for the
2  First Wave, wherein trial is scheduled to start on August 18, 2015.[2]

3  A second wave of cases related to electronic cigarette technology was filed
4  on October 21, 2014 ("the Second Wave").[3] The original Second Wave complaint,
5  asserts U.S. Patent No. 8,863,752 ("the '752 Patent"), which issued on the same
6  day the case was filed. The '752 Patent is a continuation of the '957 Patent. On
7  November 25, 2014, U.S. Patent No. 8,893,726 ("the '726 Patent") issued. On the
8  same day, Plaintiffs filed an Amended Complaint asserting the '726 Patent against
9  the same defendants. The '726 Patent is a continuation of the '628 Patent.

10  A third wave of cases related to electronic cigarette technology was filed on
11  December 2, 2014 ("the Third Wave"). The original Third Wave complaint asserts
12  U.S. Patent No. 8,899,239 ("the '239 Patent"). On December 16, 2014, Plaintiffs
13  filed an Amended Complaint asserting U.S. Patent No. 8,910,641 ("the '641
14  Patent") against the same defendants. The '641 Patent is a continuation of the '239
15  Patent. The patents asserted in the Third Wave are not related to any patent
16  asserted in either the First or Second Waves. Just like the Second Wave, the Third
17  Wave cases were filed or amended on the issue date of each asserted patent. The
18  Second and Third Waves are referred to hereinafter collectively as "the Later-Filed
19  Cases."

20  ### III.   ARGUMENT

21  Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions
22  before the court involve a common question of law or fact, the court may: (1) join
23  for hearing or trial any or all matters at issue in the actions; (2) consolidate the
24  actions; or (3) issue any other orders to avoid unnecessary cost or delay."[4]  "The

---

[2] *See, e.g.*, Scheduling Order, Case No. CV14-1645 GW (MRWx) (Dkt # 22).
[3] The Second Wave includes Case Nos. CV14–8144 GW(MRWx); CV14–8154 GW(MRWx); CV14–8155 GW (MRWx); CV14–8156 GW(MRWx); CV14–8157 GW (MRWx); CV14–8158 GW(MRWx); CV14–8160 GW (MRWx); and CV14–8161 GW(MRWx).
[4] Fed. R. Civ. P. 42(a).

purpose of consolidation is to enhance court efficiency and to avoid substantial danger of inconsistent adjudications."[5]

Because consolidation is discretionary, a court can decline to consolidate cases "if the consolidation would result in 'inefficiency, inconvenience, or unfair prejudice to a party.'"[6] For example, "in deciding whether to consolidate actions under Rule 42(a), a court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result."[7] "The party seeking consolidation bears the burden of establishing that the judicial economy and convenience benefits of consolidation outweigh any prejudice."[8]

### 1. Consolidation would result in substantial duplication of effort, not less.

Defendants do not present any evidence showing that consolidation would enhance court efficiency. Although there may be common questions of law and fact that exist between the First, Second and Third Waves of cases, Defendants' request to consolidate and continue the current case schedule for eight months would force the parties to redo the last several months of work, including Markman briefing, and double the time to trial in the current case. That is precisely the type of duplicative effort and prejudicial delay that Rule 42(a) was designed to prevent.

Moreover, as of December 12, 2014, all of the waves of cases have been transferred to Judge Wu of this Court. That the cases are all in front of the same judge promotes judicial efficiency and prevents inconsistent results without the need to consolidate the cases.

---

[5] *Tehrani v. Int'l Cycle Works, Inc.*, 2007 WL 6548862 at *1 (C.D.Cal., June 19, 2007).
[6] *See, e.g.*, *Dow Jones & Co., Inc. v. Netcurrents Info. Servs., Inc.*, Case No. CV08–3741 JFW (JTLx) at 2 (C.D. Cal., July 17, 2008), attached as Ex. 1 to Hamilton Decl., filed herewith. All references to Exhibit numbers refer to the Hamilton Decl. exhibits.
[7] *Takeda v. Turbodyne Tech., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999).
[8] *Single Chip Systems Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal. May 21, 2007).

### a. Consolidation would result in duplication of Markman briefing.

Over the past five months the parties have worked toward briefing the claim construction disputes in the First Wave of cases, including additional negotiations to narrow the disputed terms pursuant to the Court's order.[9] That briefing is complete and a Markman tutorial and hearing are scheduled for January 8 and 22, respectively. Defendants ask the Court to throw out all that work and start over to avoid "the need for the Court and the parties to conduct duplicative claim construction proceedings."[10] Yet, Defendants do not identify a single claim term that will have to be reconstrued in the Second or Third Waves of cases.

To the contrary, the claim construction from the First Wave of cases will not have to be redone in the Later-Filed Cases. As Defendants recognize, the Second Wave of cases involve two patents that are continuations of, and thus include the same specifications as, three patents in the First Wave of cases. Defendants do not identify a single term from the Second Wave of patents that needs construction.

The patents asserted in the Third Wave of cases are not continuations or divisional applications related to any patent in either the First or Second Waves. The patents asserted in the Third Wave of cases involve an application that was first filed before the earliest priority date of any patent involved in the First or Second Waves. Defendants identify one term in the Third Wave patents that they believe requires construction, "a gradual change in luminance."[11] While the term "a gradual change in luminance" should be accorded its plain and ordinary meaning, even if that term does need construction, there is no duplication in effort by construing that term in the later filed case.

---

[9] *See, e.g.*, Order Requiring Further Meet and Confer, Case No. CV14-1645 GW (MRWx) (Dkt. # 29).
[10] Memorandum of Points and Authorities in Support of Defendants' Motion to Consolidate and Continue the Case Schedule (Dkt. # 50-1) at 6–8.
[11] Dkt. # 50-1 at 7:7.

1   Defendants' also assert that the prosecution histories from the patents in the
2   Second and Third Waves of cases "may further inform" construction of the terms
3   already briefed.[12]  But, Defendants do not identify a single term or way in which the
4   prosecution histories from the patents asserted in the Later-Filed Cases would
5   change the construction of that term in the earlier cases.  The patents in the Third
6   Wave of cases are not related to the First Wave such that the prosecution of that
7   group would have no effect on current Markman briefing.
8   And, if there was any effect on claim construction from prosecution histories
9   of the patents in the Second Wave of cases, Defendants should have already briefed
10  the issue in its Markman briefing.  The substantive prosecution of the patents
11  asserted in the Second Wave was substantially complete prior to Defendants filing
12  their opening Markman brief in the First Wave.[13]  The file histories for those
13  patents have been publically available.[14]  And, Plaintiffs expressly identified to
14  Defendants the applications resulting in the patents asserted in the Second Wave
15  prior to Defendants completing their Markman briefing in the First Wave.[15]
16  The alleged effect of the subsequent file histories does not change simply
17  because the later issued patents are now asserted against Defendants.  Not
18  surprisingly, Defendants did not include this issue in their Markman briefs and have
19  not identified a single instance of an actual effect on a claim term already briefed
20  because the later cases have no effect on the claim construction in the earlier cases.
21  Defendants' vague implications otherwise should be afforded no weight.
22  In summary, consolidation of the cases would result in duplication of the
23  effort completed to date in the First Wave of cases.  It would not prevent it.

---

[12]  Dkt. # 50-1 at 7:8–11.
[13]  *See* Exs. 3-4.
[14]  Hamilton Decl. at ¶ 5.
[15]  *See* Exs. 5-6.

### b. Continuation of the current Technology Tutorial would result in substantial duplication of effort

Defendants also state that "consolidation would promote judicial economy by allowing the parties to present the relevant technology across the asserted patents in a single technical tutorial to the Court instead of multiple and duplicative presentations."[16] Yet, Defendants fail to identify a single issue related to the technical tutorial that would need to be redone if the January 8, 2015 tutorial hearing proceeds according to the current schedule. As acknowledged by the Defendants, the patents in the Second and Third Waves "implicate[] the same or substantially similar electronic cigarette products."[17] Therefore, the January 8, 2015 tutorial hearing would be applicable to the Second and Third Group of cases without the need to consolidate, continue, or duplicate hearings.

### c. Discovery can be applied to later cases, preventing substantial duplication of effort.

Defendants further assert that "[c]onsolidation would also avoid duplicative and overlapping discovery."[18] But, Defendants do not explain why written discovery related to the accused products or inventorship would be duplicated in the Later-Filed Cases. To the contrary, discovery related to inventorship or application of the accused products to the patent claims in the First Wave of cases would not have to be redone in the Later-Filed Cases as those issues are different because different patents have different claims that are presumed to be directed to different inventions.[19] Moreover, that the inventor may need to be deposed regarding different patents and claims in the Later-Filed Cases does not outweigh the prejudice of delay or redoing the past several months of work if Defendants'

---

[16] Dkt. # 50-1 at 7:21–24.
[17] Dkt. # 50-1 at 6:11.
[18] Dkt. # 50-1 at 7:27.
[19] *Jones v. Hardy*, 727 F.2d 1524, 1528 (Fed. Cir. 1984) ("Each claim must be considered as defining a separate invention.").

proposal is adopted.  Lastly, Defendants have not identified a single third party or any specific discovery related to a third party that would have to be redone if the cases proceeded without consolidation.  Defendants' vague implications of some yet unknown duplicated effort should be afforded no weight.

Moreover, Defendants cited cases are inapposite.  First, *Masimo Corp. v. Philips Elec. N. Am. Corp.*[20] does not require consolidation simply because there may be overlapping written discovery between two cases.  In *Masimo*, the District Court for the District of Delaware found that delay due to consolidation would not unfairly prejudice Plaintiffs because Plaintiffs could have pursued the later filed cases with the original case and no trial date had been set in the original case.[21]

Second, *Eastman Chemical Co. v. Alphapet Inc.*[22] does not require consolidation simply because there may be overlapping deposition discovery between two cases.  In *Eastman Chemical*, a trial date had not been set in either case, Defendants had not yet answered an amended complaint in the earlier-filed case, and Plaintiff's allegation of prejudice was that the later-filed case would be delayed by consolidation because otherwise it could proceed faster than the earlier filed case.[23]  Not surprisingly, the court in *Eastman Chemical* found that the efficiencies gained by consolidation outweighed any prejudice to the Plaintiff.[24]

Finally, *3M Co. v. Moldex-Metric, Inc.*[25] does not require consolidation simply because there may be common claim construction or damages issues between two cases.  In *3M*, the District Court for the District of Minnesota held that the "consolidation of these cases would also not cause undue delay in the resolution of these matters because the parties can meet with the Magistrate Judge for a

---

[20] 2012 WL 1267979 (D. Del. Apr. 16, 2012).
[21] *Id*. at *2–*3, *5.
[22] 2011 WL 7121180 (D. Del. Dec. 29, 2011).
[23] 2011 WL 7121180 at *7–*8.
[24] *Id*. at *8.
[25] 2006 WL 3759758 (D. Minn. Dec. 21, 2006).

revised scheduling order so that the schedule is set up to lead to a quicker resolution of these actions than if the they [sic] remained separate."[26]

Here, in contrast, Plaintiffs could not have filed the Later-Filed Cases with the original case because the later asserted patents had not yet issued. Moreover, for the First wave the pleadings have closed, fact discovery will close in less than three months, and trial is to begin in less than eight months. There is no dispute that consolidation would delay resolution of the first action.

### 2. Redoing the Past Eight Months of Work in the First Wave of Cases Would Result in Substantial Prejudice to Plaintiffs

In *Single Chip Systems Corp. v. Intermec IP Corp,* the District Court for the Southern District of California denied a motion to consolidate finding that "factors such as disparate trial dates or different stages of discovery [weigh] against consolidation of the cases."[27] Similarly, in *Dow Jones and Co., Inc. v. Netcurrents Information Services, Inc.*, Judge Walter of this Court denied a motion to consolidate because consolidation would "significantly delay the start of the trial" in the earlier filed case, which would "outweigh[] any savings of time or effort that may result if the cases are consolidated for trial."[28] And in *U.S. Rubber Recycling, Inc. v. Encore Intern., Inc.*, Judge Otero denied a motion to consolidate in part because "the Court intend[ed] to hold both parties to the set schedule" which would be unduly delayed if the two cases are consolidated.[29] Other district courts in the Ninth Circuit have also denied motions to consolidate for similar reasons.[30]

---

[26] *Id.* at *2.
[27] *Single Chip Systems Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007) (internal citations omitted).
[28] *See, e.g.*, *Dow Jones & Co., Inc.*, Case No. CV08-3741-JFW (JTLx) at 3 (Ex. 1).
[29] *U.S. Rubber Recycling, Inc. v. Encore Intern., Inc.*, 2011 WL 311014, at *13 (C.D. Cal. Jan. 7, 2011).
[30] *See, e.g.*, *Narvaes v. EMC Mortgage Corp.*, 2009 WL 1269733, at *2 (D. Haw. May 1, 2009); *Glass v. Intel Corp.*, 2007 WL 2265663, at *5 (D. Ariz. Aug. 6, 2007).

Here, for the First Wave of cases, claim construction is fully briefed, the parties have been conducting discovery since July 2014 and fact discovery closes in less than three months. Trial is to begin in less than eight months. In contrast, in the Second and Third Waves of cases Defendants have not yet even answered the complaints, and in fact several defendants have asked for and been given more time to do so. As set forth above, Defendants ask the Court to throw out all the work completed to date and start over. But, an eight month delay in the current case schedule is unnecessary and highly prejudicial to Plaintiffs. Defendants have infringed and continue to infringe Plaintiffs' patent rights. As such, Plaintiffs maintain an interest in expeditiously proceeding to trial as set forth in the current schedule.

Moreover, Plaintiffs continue to prosecute its patent applications related to electronic cigarette technology. Plaintiffs expect that a number of these applications will continue to issue. Any newly issued patent that Defendants infringe and Plaintiffs choose to enforce against the Defendants would be subject to consolidation and thus delay the First Wave of cases, preventing Plaintiffs from receiving fair and prompt consideration of valid claims. Consolidation should not be granted at the expense of Plaintiffs' right to a trial on its claims or its right to pursue additional claims when those claims become available as new patents issue.[31]

Defendants criticize Plaintiffs for waiting a "significant amount of time," about six weeks, before serving the Second Wave of complaints with those from the Third Wave, while at the same time asserting that an eight month continuance of the current case schedule is a "relatively short continuance" that would not be

---

[31] *Henderson v. Prado*, 2007 WL 1229330, *1 (N.D. Cal. Apr. 24, 2007) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2nd Cir. 1990) ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.")).

prejudicial.[32]  Citing *Intellectual Ventures I LLC v. PNC Fin. Servs. Group, Inc.*,[33] Defendants assert that "Plaintiffs cannot credibly complain about this relatively short continuance given that they chose to serially file the Related Cases."[34]  In *Intellectual Ventures,* the Plaintiffs waited about one year after filing a first action to commence a second action asserting patents that had issued at least four years earlier.[35]  But, unlike the Plaintiffs in *Intellectual Ventures*, Fontem filed the Later-Filed complaints and amended complaints on the day each of the newly asserted patents issued.  Moreover, an eight month delay amounts to almost half of the entire case schedule.

### 3. Defendants Have Not Shown Good Cause to Continue the Schedule in the First Wave of Cases

A scheduling order can only be modified "for good cause and with the judge's consent."[36]  "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"[37]  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."[38]

Here, Defendants have failed to demonstrate "good cause" to modify the existing scheduling order.  Indeed, Defendants do not even argue that the current schedule "cannot reasonably be met."  Instead, they argue only that "the new patents asserted by Plaintiffs will require preparing additional contentions,

---

[32] Dkt. # 50-1 at 9:15–18.
[33] Dkt. # 50-1 at 9:18–22.
[34] Dkt. # 50-1 at 9:15–16.
[35] *See* Ex. 2 at ¶¶ 14–18.
[36] Fed. R. Civ. P. 16(b)(4).
[37] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)); *see Chapman v. 7-Eleven, Inc.*, No. 2:12-CV-01487-ODW EX, 2012 WL 5342455, at *2 (C.D. Cal. Oct. 29, 2012) ("The determinative question is whether the scheduling order could not have been reasonably met 'despite the diligence of the party seeking the extension.'").
[38] *Johnson*, 975 F.2d at 609.

disclosures and briefing by the parties that cannot be conducted within the existing case schedule."[39]  But whatever additional briefing is required by the new patents can be done according to a new schedule—the defendants offer no explanation for why the old briefing for the old patents cannot be met under the old case schedule.

### 4. The Second and Third Waves of Cases Can be Consolidated.

Unlike the First Wave of cases, the Second and Third Waves could be consolidated without delaying those cases.  The Defendants have not answered the complaints in either the Second or Third Wave.  And, Defendants' proposed schedule set forth in their brief at pages 10-11 would be acceptable for each.

### IV. CONCLUSION

For at least the aforementioned reasons, the Court should deny Defendants' Request to continue the Technology Tutorial and *Markman* hearings and decline to consolidate the First, Second and Third Groups of cases.

DATED:  December 22, 2014

**PERKINS COIE LLP**

By: */s/Joseph P. Hamilton*
       Joseph P. Hamilton

Attorneys for Plaintiffs and Counter-Defendants
FONTEM VENTURES B.V. and
FONTEM HOLDINGS 1 B.V.

---

[39] Dkt. # 50-1 at 9:2-4